UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____
JULIA BARTON (aka Julia Benson)            )
and                                         )
MCKENNA S. FRANK (aka McKenna S. Brodie)   )
                                            )Civil No.:1:19-CV-1061
                Plaintiffs,   )           (GTS/DJS)
-vs.-                                       )
                                            )
                                            )
WARREN COUNTY,                              )
                                            )
                                            )
                Defendant.    )
_____ )

## SECOND AMENDED COMPLAINT

Plaintiffs demand a trial by: _X_ JURY     ____ COURT (Select **only** one).

Julia Barton (aka Julia Benson) ("Barton") and McKenna S. Frank (aka McKenna S. Brodie) ("Frank"), (collectively "Plaintiffs") through their attorney, Ronald J. Kim, respectfully allege and complain:

1. Plaintiffs bring this under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, et seq.) ("Title VII"), which includes the Pregnancy Discrimination Act of 1978 ("PDA").

2. The complaint challenges the illegal conduct of Warren County ("Warren County"), in discriminating against the Plaintiffs based on their sex and/or pregnancy and retaliating against them because of protected activity.

## PARTIES

3. Plaintiff, Julia Barton (aka Julia Benson) ("Barton") is an adult female, and a

citizen of the United States of America who resides in Warren County, New York.

4. Plaintiff, McKenna S. Frank (aka McKenna S. Brodie) ("Frank") is an adult female and a citizen of the United States of America who resides in Saratoga County, New York.

5. Upon information and belief, Defendant, Warren County is a political subdivision of the State of New York and exists under the laws of the State of New York.

6. Upon information and belief, Warren County has a principal place of business in Lake George, Warren County, New York.

7. Warren County is an "employer" within the meaning of Title VII.

8. Upon information and belief, the office of the Warren County Sheriff ("Sheriff") exists by Article 13 of the New York State Constitution.

9. Upon information and belief, the Sheriff has a principal place of business in Lake George, Warren County, New York.

10. Upon information and belief, Nathan ("Bud") York, ("York") holds the elected position of Sheriff of Warren County.

11. Upon information and belief, on or about January 2020, James LaFarr, succeeded York as the elected Sheriff of Warren County.

12. Upon information and belief, York is a citizen of the United States who resides in Warren County.

13. Upon information and belief, Defendant, Al Maday ("Maday") is the Division Commander of the Warren County Corrections Department ("Corrections").

14. Upon information and belief, Maday is a citizen of the United States who resides in Warren County.

15. Warren County and the Sherriff are "employers" within the meaning of Title VII.

16. The Plaintiffs were and/or are "employees" within the meaning of Title VII.

17. On information and belief, Warren County employs, and for all times herein employed, over twenty (20) employees.

18. At all times herein, Plaintiff were members of the protected class as described by Title VII.

## JURISDICTION AND VENUE

19. This court has jurisdiction over this action under 42 U.S.C. §2000e-5 and 28 U.S.C. §§1331, 1343.

20. Venue properly lies within this judicial district as Warren County's and the Sherriff's principal places of business are within this judicial district, and the Plaintiffs reside within this judicial district.

21. Plaintiffs assert that the Court has personal jurisdiction over the Defendants under CPLR §§301 and/or 302(a)(1) because 1) the Defendants' primary place of business is within New York State; and/or 2) the Plaintiffs' causes of action arise from the Defendants' activities within New York State.

## PROCEDURAL HISTORY

22. On or about March 11, 2019, Plaintiffs filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission. ("EEOC").

23. On or about June 24, 2019, each Plaintiff received a received a Notice of Suit from the U.S. Equal Employment Opportunity Commission.

## FACTS

24. The claims arise out of the same transaction, occurrence, or series of

transactions and/or occurrences, and common issues of law and fact.   The Plaintiffs share a common interest in obtaining the same or similar relief.

25. Senior officers employed by Warren County, including but not limited to York, Maday, Major James LaFarr ("LaFarr"), Lieutenant Daniel Clifford ("Lt. Clifford"), Lieutenant Wayne Farmer ("Lt. Farmer"), Sergeant Gary Millis, ("Sgt. Millis") and Inspector Marlo Barboza ("Insp. Barboza") (collectively "Senior Officers") discriminated or retaliated against Barton and Frank based on their sex/pregnancy.

26. Barton suffered discrimination based on illegal disparate treatment by Senior Officers.

27. Frank engaged in a protected activity relating to her sex/pregnancy and Senior Officers retaliated against her.

## AS TO PLAINTIFF- JULIA BARTON
## DISCRIMINATORY DISPARATE TREATMENT BASED ON SEX/PREGNANCY

28. Plaintiffs repeat and reallege each of the foregoing paragraphs as if set forth herein.

29. On or about August 5, 2014, Warren County and the Sheriff hired Barton as a Correctional Officer.

30. Barton's duties were the care, custody and control of inmates housed at Corrections.

31. Barton performed her duties in a satisfactory manner.

32. On or about January 2017, Warren County promoted Barton to her current position as a Sergeant.

33. Barton is the only female Sergeant in Corrections.

34. In the Fall of 2018, Barton discovered she was pregnant.

35. At this time, Barton was approximately three (3) months pregnant and fully intended to remain at work for the remaining term of her pregnancy.

36. Despite Barton's pregnancy, she was fully capable, and did perform the essential functions of a Sergeant, in a satisfactory manner.

37. On or about October 8, 2018, Barton informed her direct supervisor, Lt. Farmer that her attending physician required these medical restrictions due to her pregnancy: a) avoidance of pushing/pulling with over 100 pounds of force; b) avoidance of high places where falling would be possible; c) avoidance of toxic/noxious fumes and odors; d) avoidance of high temperatures; e) avoidance of excessive fatigue; f) avoidance of prolonged standing without opportunity to sit/rest at least once an hour for five minutes; and g) avoidance of situations in which bodily harm may occur.

38. Barton provided Lt. Farmer with a note from her Doctor ("note") detailing these requested accommodations for her pregnancy.

39. Upon reviewing the note, Lt. Farmer told Barton that "he did not think she could continue to work at Warren County" and directed her to see Maday tomorrow.

40. On or about October 9, 2018, Barton met with Maday about her requested medical accommodations.

41. At this meeting Maday stated to Barton that she cannot work here with this note and falsely stated that Warren County does not have light duty.

42. In fact, Warren County does have a light duty policy, but Senior Officers

discriminatorily refused to allow Barton to be considered for light duty solely because she was pregnant.

43. In fact, Warren County does allow similarly situated employees to go on light duty.

44. Maday refused to grant Barton any of the requested accommodations and directed her to have the note changed to eliminate all of the requested accommodations.

45. Maday's refusal to grant Barton's accommodations and direction to eliminate all the requested medical accommodations is evidence of illegal disparate treatment in that similarly situated non-pregnant employees of Warren County are not treated in this manner.

46. Maday further explained the County would not offer any medical accommodations to Barton's pregnancy.

47. Barton was told she must utilize her accumulated sick leave and then go on disability.

48. Maday's refusal to provide any medical accommodations and direction that Barton must instead use her accumulated sick leave and go on disability is evidence of illegal disparate treatment in that similarly situated non-pregnant employees of Warren County are not treated in this manner.

49. Barton later learned that when York heard about her requested reasonable accommodations and/or to go on light duty, he stated "my wife would not be working here if she was pregnant."

50. On information and belief, York's statement is evidence of discriminatory

disparate treatment of Barton.

51. On or about October 26, 2018, the attorney representing the Warren County Correction Officers Association ("WCCOA") sent a formal demand to negotiate a reasonable accommodation for Barton's pregnancy as well as a demand to negotiate a light duty policy for pregnant correctional officers.

52. On information and belief, Warren County refused to negotiate and/or respond to this demand to negotiate by WCCOA on behalf of Barton to allow her to continue to work as a correctional officer.

53. On information and belief, to this date, Warren County has refused to agree to negotiate in good faith on a policy for light duty for pregnant correctional officers.

54. Warren County's refusal to negotiate in good faith on a policy for light duty for Barton and other pregnant correctional officers, when it allows similarly situated, non-pregnant employees to go on light duty is evidence of its discriminatory disparate treatment of Barton.

55. On information and belief, Warren County does have a light duty policy for its employees, but it refused to allow Barton to utilize it or otherwise provide a reasonable accommodation to her pregnancy.

56. On information and belief, during Barton's employment at Warren County, several employees, including, a female Deputy Sheriff and several male Correction employees have been granted light duty and/or work accommodations while working for Warren County.

57. During Barton's employment at Warren County she has witnessed these employees performing clerical tasks such as filing, copying papers and other

typical office tasks in lieu of performing the normal tasks of a Correctional Officer.

58. From on or about November 2018 to or about January 2019, a male Sergeant was provided a reasonable accommodation and/or was on "light duty" because of a shoulder injury.

59. On information and belief, during Barton's employment several male officers have been allowed to perform "light duty" tasks described above when they were not capable of performing the normal functions of a Corrections Officer.

60. The Defendants refusal to provide any accommodation to Barton's pregnancy and/or allow her light duty while pregnant, eventually forced her to temporarily stop working.

61. Because of Barton's forced separation from work, Barton had to needlessly utilize all her accumulated sick time and apply for disability.

62. Because of Barton's forced separation from work she lost her employer contractually mandated health insurance.

63. Because of Barton's forced separation from work, she lost direct and indirect employment benefits.

64. Non-pregnant employees of Warren County on light duty are not required to temporarily stop working.

65. Non-pregnant employees of Warren County on light duty are not required to use all their accumulated sick time and apply for disability.

66. Non-pregnant employees of Warren County on light duty are not required to lose their contractually mandated health insurance.

## CONTINUING DISCRIMINATORY VIOLATIONS

67. From on or about October 9, 2018 to June 18, 2019, during Barton's forced leave from work, she had several telephone conversations with Warren County supervisors.

68. During several of these telephone calls, Maday asked Barton whether she "was getting fat yet."

69. During another phone call, Maday baselessly accused Barton of doing supplemental work at a local restaurant without approval from Warren County.

70. When Barton asked Maday who told him this false accusation, he merely stated he had "heard it at work."

71. On information and belief, Maday's treatment of Barton while she was on forced leave from work due to her pregnancy is evidence of discriminatory disparate treatment based on her sex/pregnancy.

72. On information and belief, Maday's comments and false accusations while Barton was on forced leave from work due to her pregnancy were not made to similarly situated non-pregnant employees on light duty and/or while on disability leave from work.

73. On or about June 18, 2019, Barton returned to her position as a Sergeant.

74. Since Barton's promotion to Sergeant in 2017, Warren County has implemented a minimum staffing requirement of one Sergeant per shift, despite a New York State mandate of two Sergeants per shift.

75. A minimum staffing requirement of two Sergeants per shift has always been unpopular with employees of Corrections because to fulfill its requirements,

under County budget constraints, employees are forced to perform mandated overtime and it restricts the use and flexibility of their time off from work.

76. In June 2019, after Barton returned from forced leave from work, Warren County temporarily increased minimum staffing for Sergeants.

77. This change was unpopular with the other Sergeants, who are all male, as it required additional mandatory overtime and restricted their use of compensatory paid time off.

78. On information and belief, the change in minimum staffing of Sergeants has never been implemented when a male, non-pregnant, similarly situated Sergeant has returned from disability, vacation, or other leave from work.

79. This sudden change in minimum staffing levels after Barton returned from forced leave from work due to her pregnancy is evidence of Warren County's illegal, discriminatory disparate treatment of Barton due to her sex/pregnancy.

80. Barton has suffered discrimination in the form of disparate treatment by Warren County when compared to similarly situated non-pregnant employees in violation of Title VII.

81. As a result of this discrimination in the form of disparate treatment by Warren County, Barton has suffered severe emotional distress and has incurred damages.

82. As a result of this discrimination in the form of disparate treatment by Warren County, Barton has lost wages, back pay, front pay and incurred other economic damages.

Page 10 of 17

## AS TO PLAINTIFF-MCKENNA FRANK
## DISCRIMINATORY VIOLATIONS BASED ON SEX/PREGNANCY

83. On or about August 10, 2017, Warren County and the Sherriff hired Frank as a Correctional Officer.

84. Frank's duties were the care, custody and control of inmates housed at Corrections.

85. Frank performed her duties as a Correctional Officer in a satisfactory manner.

86. On or about February 17, 2018, Frank discovered she was pregnant.

87. On or about April 2018, Frank informed her supervisors, Maday, and Lt. Clifford that she was pregnant.

88. During this period, Frank was capable and did perform the essential functions of a Correctional Officer, in a satisfactory manner.

89. On or about July 2018, Frank informed Lt. Farmer, Lt. Clifford and Maday that, upon her Doctor's recommendation, she was requesting the reasonable accommodation of no further overtime due to her pregnancy.

90. On or about July 5, 2018, a fellow officer, Jackie Bachem ("Bachem") commented to another officer that Frank was lazy since she had become pregnant.

91. Bachem's comment was specifically directed at Frank's request not to work overtime during her pregnancy.

92. In addition, on at least three occasions, Bachem made negative comments about Frank's pregnancy and her capacity to perform her duties as a Correctional Officer.

93. On or about July 2018, Bachem stated that Frank's reasonable accommodation was "unfair" because it resulted in forcing Bachem to perform overtime duties.

94. All Bachem's comments were evidence of animus towards Frank because she was pregnant.

95. On at least two occasions in July 2018, Frank met with Senior Officers and reported these incidents of sexual discrimination based on her pregnancy.

96. Frank does not believe that the Senior Officers took any action to stop the reported instances of sexual/pregnancy discrimination.

97. In July 2018, because the discrimination continued unabated, Frank submitted a written report to Senior Officers detailing the sexual/pregnancy discrimination by Bachem.

98. On or about July 18, 2018, Maday, Major LaFarr and Lt. Clifford, the three most senior officers in Corrections, met with Frank to retaliate against her protected activity and discriminating against her based on her sex and pregnancy.

99. Initially, Frank assumed that the meeting was to respond to her repeated complaints of pregnancy and sexual discrimination and harassment by co-workers.

100. Instead, at this meeting, these senior officers retaliated against Frank and made unsubstantiated allegations of her failure to perform the essential functions of a Correctional Officer.

101. At this meeting, the Senior Officers demanded that Frank resign if she ever wanted to be employed again.

102. At this meeting, Frank reluctantly resigned her position as a Correctional Officer

because she feared these three Senior Officer's ability to irreparably harm her future employment prospects.

103. Frank's forced resignation was also a retaliation for her complaints of sexual harassment and discrimination because of her pregnancy.

104. Frank's complaints of sexual harassment and discrimination were a protected activity.

105. Warren County's constructive termination of Frank occurred less than thirty days after she requested from Senior Officers a reasonable accommodation of "no overtime" due to her pregnancy.

106. Warren County's constructive termination of Frank occurred less than thirty days after she complained about repeated harassments by co-workers who were upset that she was no performing overtime due to her pregnancy.

107. Warren County's constructive termination of Frank occurred less than thirty days after Senior Officers were told about co-worker sex/pregnancy discrimination directed at Frank and instead of disciplining the discriminatory co-workers they forced Frank to resign by telling her she would never be employed in this town if she did not.

### FIRST CLAIM FOR RELIEF
### BY BARTON AGAINST WARREN COUNTY:
### SEX DISCRIMINATION-DISPARATE TREATMENT
### TITLE VII

108. Plaintiffs repeat and reallege all paragraphs above as if set forth herein.

109. Plaintiffs were/are employees as defined by 42 U.S.C. §2000 (e)(f) because they

were/are individuals employed by the Defendants.

110. The Defendants were/are employers within the meaning of Title VII because it employed over fifteen (15) employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year.   42 U.S.C. §2000(e)(b).

111. Plaintiffs have fulfilled all conditions precedent to filing this action under Title VII. 42 U.S.C. §2000(e) *et. seq*.

112. Plaintiffs are pregnant females and members of a protected class.

113. The Defendants discriminated against the Plaintiffs regarding their compensation, terms, conditions, and privileges of employment based on their sex.   42 U.S.C. §2000 e-2(a)(1).

114. Warren County illegally treated Barton in a disparate, discriminatory manner, that other similarly situated employees were not subjected to by: a) refusing to accommodate her requested medical restrictions required by her pregnancy; b) falsely informing her that she could not work pregnant; c) falsely stating that it did not have a light duty policy; d) refusing to allow her to be considered for light duty; e) forcing her to use sick leave and disability; f) asking her several times during her forced work leave if "she was getting fat yet"; g) baselessly accusing her of violating County policy while on forced pregnancy leave; and h) instituting a minimum manpower requirement when she returned to work.

115. In direct violation of Title VII, Warren County discriminatorily treated Barton in disparate manner compared to similarly situation employees.

116. Because of Warren County's willful and unlawful discrimination, Barton has

suffered severe damage, including loss of income and benefits, termination of employment, loss of opportunity for advancement and promotion, constructive discharge, emotional pain and suffering, mental anguish, humiliation and damage to reputation and career.

**SECONDCLAIM FOR RELIEF
BY FRANK AGAINST WARREN COUNTY:
RETALIATION TITLE VII**

117. Plaintiffs repeat and reallege all paragraphs above as if set forth herein.

118. Warren County has retaliated against Frank for, and because of, her opposition to discrimination and assertion of her rights under Title VII. 42 U.S.C. §2000 e-3(a).

119. Frank engaged in a protected activity within the meaning of Title VII by asserting her rights under Title VII.

120. Warren County knew of Frank's protected activity within the meaning of Title VII.

121. Warren County retaliated against Frank by a) refusing to take any action against co-workers who on several separate occasions harassed her because of her sex/pregnancy; b) making unsubstantiated allegations of work performance problems; c) constructively terminating Frank on the pretext of performance issues after she complained about the sex/pregnancy discrimination by co-employees; d) constructively terminating Frank less than 30 days after she requested a reasonable accommodation of no overtime due to her pregnancy.

122. Warren County's retaliatory responses violated Title VII.

123. Because of the Warren County's retaliation, Frank has suffered severe damage, including loss of income and benefits, constructive termination of employment,

loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, humiliation and damage to reputation and career.

**WHEREFORE**, the Plaintiffs pray this Court grant the following relief:

A. A judgment declaring that Warren County's conduct towards plaintiff Barton resulted in disparate treatment based on sex/pregnancy and violated Title VII;

B. A judgment declaring that Warren County retaliated against plaintiff Frank and violated Title VII;

C. An award to Barton and Frank, liquidated damages equal to the value of their respective back pay and benefits to be determined by the jury;

D. An award to Barton and Frank, compensatory damages equal to their respective loss of wages, benefits, loss of pension and promotional opportunities, including an award of front pay compensating each Plaintiff for loss of future salary and benefits, emotional pain and suffering, mental anguish, loss of enjoyment of life and other non-pecuniary losses to be determined by the jury;

E. An award to Barton and Frank, punitive damages to be determined by the jury;

F. An award to Barton and Frank, of all the costs and disbursements, including reasonable attorney's fees to pursue this action;

G. Affirmative relief including but not limited to, an Order requiring Warren County to establish workplace policies and procedures for pregnant employees;

H. Affirmative relief including but not limited to, an Order requiring Warren County to establish workplace policies and procedures to address complaints of pregnancy harassment, discrimination, and retaliation;

I. An award of such other further relief as this Court deems just and proper.

**PLAINTIFF RESPECTFULLY REQUESTS A JURY TRIAL ON EACH AND EVERY ISSUE OF THE COMPLAINT**

Dated: April 30, 2021
Saratoga Springs, NY

          /s/RONALD J. KIM/s/
          RONALD J. KIM
          Attorney for Plaintiff
          Bar Roll # 511156
          Law Offices of Ronald J. Kim
          PO BOX 318
          Saratoga Springs, NY 12866
          518-581-8416 Telephone
          518-583-9059 Facsimile
          ron@ronaldkimlaw.com

**AFFIDAVIT OF SERVICE**

      I, Ronald J. Kim, being duly sworn, deposes and says: that I am over the age of 18 years and am not a party to this proceeding.    I served a copy of the Plaintiffs' Second Amended Complaint via electronic mail through the United States Federal Judiciary's CM/ECF system on April 30, 2021 to the following:

April J. Laws     ajl@johnsonlawsllc.com,

Gregg T. Johnson     gtj@johnsonlawsllc.com,

Loraine Clare Jelinek     lcj@johnsonlawsllc.com,

          /s/RONALD J. KIM/s/
          Ronald J. Kim